UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL MURRIE,

              Petitioner,

v.

STONE CREST CENTER,

              Respondent.

Case Nos. 22-cv-10735
Honorable Shalina D. Kumar
Mag. Judge Elizabeth A. Stafford

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

On April 6, 2022, Petitioner Earl Murrie filed a *pro se* petition for writ of habeas corpus. ECF No. 1. The one-page petition failed to identify the judgment or commitment order being challenged or to assert any claimed errors of law or fact. *See* Rule 2(c) of the Rules Governing Section 2254 Cases. The Court issued an Order to Show Cause, directing Murrie to show cause within thirty days why the case should not be dismissed for failure to adequately identify the grounds for relief, and for failure to show exhaustion of state court remedies. ECF No. 3.

Murrie has not responded to the Order to Show Cause, likely because the Order was returned as undeliverable. *See* ECF No. 4. He has not contacted the Court, nor provided updated contacted information.

Rule 11.2 of the Local Rules of the Eastern District of Michigan authorizes the court to dismiss a case based upon a party's failure to keep the Court apprised of address changes and updated contact information. E.D. Mich. L.R. 11.2.  Federal Rule of Civil Procedure 41(b) also gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ."  Fed. R. Civ. P. 41(b).  *Pro se* litigants have the same obligation as an attorney to notify the court of a change of address.  *See Barber v. Runyon*, No. 93–6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (holding that a pro se litigant has a duty to supply the court with notice of any and all changes in his address). Murrie was advised of this obligation by the Court's issuance of a Notice Regarding Parties' Responsibility to Notify Court of Address Changes on April 11, 2022.  ECF No. 2.

Murrie has not complied with Local Rule 11.2 or the Court's Notice because he has not provided the Court with updated contact information. The case is subject to dismissal on this basis.  *See e.g., White v. City of Grand Rapids*, 34 Fed. App'x 210, 211 (6th Cir. 2002) (affirming dismissal of complaint for want of prosecution based upon failure to provide current address); *Brown v. White*, No. 2:09-CV-12902, 2010 WL 1780954, *1 (E.D. Mich. Apr. 30, 2010) (dismissing habeas petition based upon failure to

provide current contact information and failure to exhaust state court remedies).

For these reasons, the petition for habeas corpus, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

Before Murrie may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's ruling. The Court, therefore, declines to issue a certificate of appealability.

**IT IS FURTHER ORDERED** that leave to appeal *in forma pauperis* is **DENIED** because an appeal cannot be taken in good faith. See Fed. R. App. P. 24(a).

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: August 10, 2023